# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| ASHA K. SPAULDING, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV615-107 |
| | ) | CR612-017 |
| UNITED STATES OF AMERICA, | ) | CR613-001 |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Asha K. Spaulding moves under 28 U.S.C. § 2255 to vacate her guilty-plea based conviction for, *inter alia*, "[a]iding and assisting in the preparation and presentation of false tax returns" in violation of 26 U.S.C. § 7206(2). Doc 48 (Judgment); doc. 61 (her § 2255 motion).[1] The Court preliminarily reviews her motion under Rule 4 of the Rules Governing Section 2255 Proceedings.

---

[1] All citations are to the CR612-017 criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software. In that regard, two cases were brought against Spaulding, CR612-017 and CR613-001. She pled guilty in both on March 12, 2013. Doc. 60 at 3, 47.

I.  BACKGROUND

At Spaulding's guilty-plea hearing, the judge -- after discussing the charges to which she was pleading -- explained:

A. [S]o if I accept your plea, you may not be sentenced to less than two years nor more than 25 years. You understand that?

A. Yes sir.

Q. You've discussed this with your lawyer; is that correct?

A. Yes, sir.

Doc. 60 at 27-28.  He later sentenced her to 154 months.  Doc. 48.  Her direct appeal was dismissed upon the Government's motion, which relied on her plea-agreement's appeal waiver.  Doc. 63.  She timely filed the instant § 2255 motion.  Doc. 61.

II.  ANALYSIS

Raising primarily ineffective assistance of counsel (IAC) claims,[1] Spaulding wants her "conviction and/or sentence . . . vacated so that she

---

[1] As recently explained:

Criminal defendants have a right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. *Id.* at 685-86. The deficient performance requirement concerns "whether counsel's advice was within the range of competence

2

can plea anew, or be resentenced." Doc. 62 at 23. In Ground One, she faults her attorney for failing to investigate her case (*e.g.*, "interview witness[es]," doc. 61 at 13), "file any pretrial motions" and "properly advise Spaulding of the reasonable circumstances and likely consequences of pleading guilty as opposed to going to trial, as well as the maxim[um] potential sentence she faced if she was convicted at trial. . . ." *Id*; *see also* doc. 62 at 2, 8-13. She also faults him (Ground Two) for failing to object to "the Sophisticated Means [sentencing] enhancement" and other sentencing phase failures," plus his failure to file a notice of appeal. Doc. 61 at 13; *see also* doc. 62 at 2, 13-18, 20-21. In Ground

---

demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. *Davis v. United States*, 404 F. App'x 336, 337 (11th Cir. 2010) (citing *Strickland*, 466 U.S. at 686). "It is petitioner's burden to 'establish that counsel preformed outside the wide range of reasonable professional assistance' by making 'errors so serious that [counsel] failed to function as the kind of counsel guaranteed by the Sixth Amendment." *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014) (quoting *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) (alteration in original)). "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal citation omitted). "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Id.* at 1312-13.

*McClouden v. United States*, 2016 WL 775831 at * 4 (S.D. Ga. Feb. 25, 2016). For ineffective assistance of *appellate* counsel, Spaulding must show that his performance was objectively unreasonable, and that there is a reasonable probability that, but for his performance, she would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).

3

Three, movant complains that the Court used an immunized statement to enhance her sentence. Doc. 61 at 13. In her supporting brief she insists that the Government breached their plea agreement by opposing her quest for an acceptance-of-responsibility-based sentence reduction (*see also* doc. 49 at 3; it had conditionally promised to move for U.S.S.G. § 5K1.1 if not Fed. R. Cr. P. 35 reductions) and using an immunized statement toward her enhanced sentence. Doc. 62 at 2, 18-20.

All of these claims fail. In her plea agreement Spaulding waived both her direct appeal and her collateral review rights (hence, she executed a double waiver):

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence *and* the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, *on any ground*, except that: the defendant may file a direct appeal of the sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of the sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 49 at 10-11 (emphasis added).[2]

"Waivers like [Spaulding's] 'will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.' *United States v. Benitez–Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997)." *Taylor v. United States*, 2016 WL 742118 at * 3 (S.D. Ga. Feb. 24, 2016). As noted *infra*, the record shows that those conditions have been met. Citing three non-binding Eleventh Circuit opinions, *McClouden* discussed IAC claims in waiver cases:

---

[2] While headed by a different Attorney General, the Department of Justice pared back enforcement of appeal waivers. *See Mingo v. United States*, 67 F. Supp. 3d 1370, 1371 (S.D. Ga. 2014) (the new "policy seems to be this: Where ineffective assistance claims could, in the judgment of the U.S. Attorney, reasonably have some basis, the government will not enforce the waiver. But where such claims lack even facial merit, it will.").

> Of course, the Court is not bound by the Justice Department's policy change. In quest of leniency, a defendant who plea bargains for reduced sentencing exposure is able to point to that plea as proof that he has accepted responsibility -- a point the sentencing judge may well consider in being lenient. It is in that sense that the judge absorbs and thus may be said to rely upon the plea bargain. And where that bargain (as was the case here) includes a double waiver, the judge can be influenced by that, too, since the defendant is sparing the taxpayers both direct appeal and collateral review expenses (a natural corollary to the spared-trial-expense component of the acceptance-of-responsibility factor in U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(b)).

*Mingo*, 67 F. Supp. 3d at 1372 n. 3.

When a petitioner alleges an ineffective assistance of counsel claim that challenges the validity or voluntariness of the plea or waiver itself, such as a claim that counsel coerced or misadvised petitioner prior to entry of the plea, then the sentence-appeal waiver will not bar a court from hearing the merits of the claim. *See Baird v. United States*, 445 F. App'x 252, 254 (11th Cir. 2011) (noting that despite a sentence-appeal waiver, collateral attack through an ineffective assistance claim is permitted when "the movant challenges the knowing and voluntary nature of the plea"); *see also Patel v. United States*, 252 F. App'x 970, 971, 974-75 (11th Cir. 2007) (finding that the district court erred in dismissing, based on a sentence-appeal waiver, petitioner's claim that counsel misadvised him prior to pleading guilty); *Cowart v. United States*, 139 F. App'x 206, 207-08 (11th Cir. 2005) (holding that a sentence-appeal waiver that only expressly limits a petitioner from collaterally challenging his "sentence" does not bar an ineffective assistance claim that challenges the validity of his plea or the sentence-appeal waiver itself).

*McCLouden*, 2016 WL 775831 at * 3.

*Baird* reached IAC claims not because of a double waiver, but under the general doctrine that a guilty plea waives all nonjurisdictional defects *and* because of a specific waiver (that Baird would not request a below-guidelines sentence). *Baird*, 445 F. App'x at 254-55. *Cowart* was a "sentence-appeal waiver" case, not a double-waiver case. *Cowart*, 139 F. App'x at 208 ("[T]he language of Cowart's sentence appeal waiver provided that she waived her right 'to collaterally attack her sentence,' and did not mention a waiver of the right to attack her plea or the plea agreement itself."). And *Patel* disregarded a double waiver because of

6

established law that "an appeal waiver does not relieve counsel of the duty to file a notice of appeal on request." *Patel*, 252 F. App'x at 973.

*Patel* also said, however, that a § 2255 claim that "explicitly challenges the validity of [a] guilty plea" survives a double waiver. *Id.* at 975. But such an IAC claim must go directly to the validity of the guilty plea and post-conviction waivers -- that counsel misled or coerced his client into pleading guilty/waiving his rights, or in some way materially bungled the plea offer to the extent that a client would not knowingly and intelligently accept it. *McClendon v. United States*, 944 F. Supp. 2d 1351, 1356 (S.D. Ga. Mar. 10, 2014). And if the record itself reveals a mere "buyer's remorse" claim dressed in IAC clothes, the Court can deny it without a hearing. *Patel*, 252 F. App'x at 975-76; *see also Rasco v. United States*, 2014 WL 10754131 at * 1 (S.D. Ga. Sept. 3, 2014); *see also id.* at * 2 (Rasco's guilty-plea transcript "negates [his] claim that counsel 'coerced' him and 'altered' the plea agreement that he signed.").

By signing her guilty plea agreement, doc. 49 at 18, Spaulding confirmed that she had read and understood the entire document, including the double waiver. Too, the district judge exhaustively questioned her to ensure that her plea was knowing and voluntary. Doc.

7

60 at 14-37. While exhaustively explaining all of the rights she was giving up through her plea, doc. 60 at 14-37, he paused to specifically illuminate the fact that her lawyer at most could give her a sentencing-exposure estimate but could be "very wrong, too. You understand that? A. Yes, sir." *Id.* at 31.

As noted above, the judge also explained Spaulding's actual sentencing exposure (up to 25 years, not the 50 she now claims her lawyer had previously told her, doc. 62 at 12-3).[3] Movant nevertheless said she understood and pressed forward. After the government read the above waiver into record -- one that she now simply ignores in her § 2255 filings -- she stated that she understood that she waived her right to fault her attorney for ineffective assistance on that ground. *Id.* at 34-35. In fact, the judge reminded her:

> Q. You're forever bound by it. But according to your plea agreement, you give up your right to claim that your lawyers or the other lawyer was no good or sold you out or many of the allegations that are made, that they were deficient. You understand that?
>
> A. Yes, sir.

*Id.* at 36.

---

[3] From her § 2255 brief: "[Counsel] advised Spaulding that if she entered into a plea agreement with the government that she would be facing a sentence of 7 years or less, but if she stood trial that she would be facing a sentence of 50 years or more." Doc. 62 at 12-13.

8

After reminding her of her maximum sentence exposure and the panoply of rights her guilty-plea would extinguish, the judge asked:

Q. Do you still wish to plead guilty to this Information?

A. Yes, sir.

Doc. 60 at 37.[4]

Because the plea hearing transcript shows that Spaulding understood the impact of her collateral waiver, it is enforceable (she does not meet the waiver's two express exceptions) and she cannot now undo it with (Ground One) "counsel could have done better" IAC claims perched on "blank-check" adjectives. *E.g.*: Counsel's "failure to conduct an *adequate* pretrial investigation, inclusive of failure to research the applicable [law]," doc. 61 at 4; counsel's failure to "*properly* advise [her] of the reasonable circumstances and likely consequences of pleading

---

[4] Later, while sentencing her, the judge noted (and thus encapsulated the Court's reliance on her waiver in sentencing her, *see supra*, n. 2):

> Now, pursuant to the plea agreement, with limited exceptions, the defendant waived rights conferred by U.S.C. § 3742 [sic] to appeal the sentence. She has also waived the right to appeal the sentence on any other ground and waived the right to attack the sentence in any post-conviction proceeding. Since the Court departed below the Guidelines, of course, none of those exceptions are applicable and so she has waived the right to appeal.

Doc. 53 at 32. The Eleventh Circuit would later enforce her appeal waiver. Doc. 63 ("The Government's motion to dismiss this appeal pursuant to the appeal waiver in Asha Spaulding's plea agreement is GRANTED.").

guilty as opposed to trial, as well has her maximum potential sentence she faced if she was convicted at trial. . . ." *Id.* at 13 (emphasis added); *see also* doc. 62 at 8-13. These spongy characterizations betray the very buyer's remorse that the collateral waiver prevents, and of which the guilty-plea judge forewarned. *See Nelson v. United States*, 2015 WL 4756975 at * 1 (S.D. Ga. Aug. 11, 2015) ("Nelson has wasted this Court's time with a 'buyer's remorse' filing. He chose to plead guilty with full knowledge of the consequences. Now he must live with those consequences."). They do not go to plea voluntariness except in a generic, hindsight-directed, and wholly attenuated sense.[5] *See, e.g.*, doc. 62 at 13 (counsel's "50-years" sentence estimate); doc. 61 at 5 (counsel's failure to object to the Presentence Report calculations and submit

---

[5] None of the unpublished, "second-chance" cases that *McClouden* cites authorize the use of generic IAC claims like those raised here (*e.g.*, all of which, in one way or another, convey the notion that if only counsel had done a better job, the defendant would have gone to trial, or somehow obtained a "better" plea bargain). That's not surprising because double-waiver defendants like Spaulding could otherwise neutralize their waivers simply by lobbing "I just don't like the way he performed" style IAC claims at the Court. That obviously would inhibit the very use of plea bargains. For that matter, Spaulding's one "misadvised" claim against counsel goes to his sentence-exposure advice (that he overstated her sentencing exposure). But, as noted in text, it is directly negated by the district judge's express reminder that she could not rely on her lawyer's advice on that score, and that she faced up to 25 years in prison, not 50 -- yet, she *still* pressed forward with her guilty plea.

mitigation evidence); doc. 62 at 14-15.[6] In exchange for the sentence-exposure reduction the Government offered, Spaulding accepted, and this Court relied upon in sentencing her, she gave up her direct and collateral rights -- on *any* ground -- except in two instances not present here.

Finally, Ground Three (a non-IAC claim -- that the Court wrongly used her immunized statements) fails because it is directly neutralized by the double waiver. So, too, do her claims alleging government breach of plea agreement and the sentencing judge's denial of acceptance of responsibility reduction. Note, in that regard, that Spaulding's plea agreement granted the Government *sole* discretion whether to file a U.S.S.G. § 5K1.1 or Rule 35 motion. Doc. 49 at 8. So to the extent she bases a § 2255 claim on any failure to do so, it fails on the merits.[7]

---

[6] Spaulding's in-brief (not in her § 2255 motion) claim that counsel failed to file an appeal for her is patently frivolous. *See* doc. 50 (counsel's notice of consultation reflecting her refusal to sign a court-issued form declaring her election to file an appeal, nor not); doc. 51 (Spaulding's *own* Notice of Appeal, which was timely, so she can point to no prejudice even if she is to be believed about her instruction to appeal); doc. 63 (Eleventh's Circuit's dismissal of that appeal -- not on untimeliness grounds -- but because of her appeal-waiver).

[7] *See also Mendoza v. United States*, 2016 WL 561241 at * 7 (M.D. Fla. Feb. 13, 2016) ("Because it was clearly set forth in the plea agreement that it was in the Government's sole discretion to determine whether Petitioner provided assistance that warranted a sentence reduction, counsel did not render deficient assistance in

11

Spaulding also moves the Court to return money seized by the Government for forfeiture. Doc. 64. As the Government points out, State police seized it. Doc. 66. The Government cannot return property it does not possess, *id.* at 2.3, so this motion is **DENIED**. Doc. 64.

## III. CONCLUSION

Accordingly, Spaulding's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Finally, Spaulding's "return of property" motion is **DENIED**. Doc. 64.

**SO REPORTED AND RECOMMENDED**, this __10th__ day of March, 2016.

*/s/ J.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

failing to inform Petitioner what level of cooperation would amount to 'substantial assistance.'") (footnote omitted).