**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| UNITES STATES OF AMERICA, | |
| | CASE NOS.: 6:12-cr-17 |
| | 6:13-cr-1 |
| | 6:15-cv-107 |
| v. | |
| ASHA K. SPAULDING, | |
| Defendant / Petitioner. | |

## O R D E R

This matter comes before the Court on the Magistrate Judge's Report and Recommendation. (Doc. 97.)[1] The Magistrate Judge recommended that the Court deny Defendant Asha K. Spaulding's Motion to Reduce Sentence under the First Step Act, (doc. 93), without prejudice. Additionally, the Magistrate Judge ordered Spaulding to file her supplemental briefing in opposition to the Government's Motion to Dismiss her 28 U.S.C. § 2255 motion within thirty days of the Report and Recommendation. Spaulding subsequently filed a document entitled "Movant's Reply in Support of Early Release under the First Step Act: H.R. 562" which the Court construes as an objection. (Doc. 98.) The Government also filed an Objection to the Report and Recommendation. (Doc. 99.) In its Objection, the Government agreed with the recommendation that the Spaulding's First Step Motion should be denied as premature. (Id. at pp. 1, 3.) However,

---

[1] While this Order shall be filed in all three case numbers referenced above, all docket citations herein are to the docket in Case Number 6:12-cr-17.

it objected to clarify that Spaulding made her request under Section 101(a) of the First Step Act, not Section 102(b)(1). (Id. at pp. 2–3.)

Having conducted a *de novo* review of the entire record in this case, the Court concurs with the Magistrate Judge's conclusion that Spaulding's Motion to Reduce Sentence under the First Step Act, (doc. 93), must be denied without prejudice. The Magistrate Judge and the Government were correct that whether Spaulding's request for programming credit and/or good-time credit First Step Act would not ripen until the Attorney General completes the "risk and needs assessment system" regardless of whether she sought relief pursuant to Section 101(a) or Section 102(b)(1) of the Act. (See Doc. 97, p. 3; doc. 99, pp. 2–3.) However, as the Eleventh Circuit recently recognized in an unpublished decision, the 210-day deadline for the risk and needs assessment "has come and gone, so it poses no ripeness problem for [Spaulding's motion]." Shorter v. Warden, No. 19-10790, 2020 WL 820949, at *3 (11th Cir. Feb. 19, 2020).

Nonetheless, the other grounds for dismissal noted by the Magistrate Judge remain. It appears Spaulding must pursue and exhaust her available administrative remedies on her claim of sentencing credits within the Bureau of Prisons prior to seeking judicial relief. Santiago-Lugo v. Warden, 785 F.3d 467, 474–75 (11th Cir. 2015) (requirement that Section 2241 petitioners exhaust administrative before filing suit "is still a requirement; it's just not a jurisdictional one"); but see, Shorter v. Warden, No. 19-10790, 2020 WL 820949, at *3 (recognizing circumstances where failure to exhaust may be excused under McCarthy v. Madigan, 503 U.S. 140, 144 (1992) and remanding to case to district court to address Section 2241's petitioner's argument that pursuit of administrative remedies as to her claim for good-time credits under the First Step Act would be futile). Regardless of any exhaustion requirements, as the Magistrate Judge explained, Spaulding

2

must bring her claim for sentencing credits pursuant to 28 U.S.C. § 2241, and she must file such a petition in the district of her confinement, the Middle District of Florida. (Doc. 91, pp. 3–4, n. 1 (citing 28 U.S.C. 89(b); and Fernandez v. United States, 941 F.2d 1488 (11th Cir. 1991)).) Consequently, the Court **DENIES** Spaulding's Motion to Reduce Sentence under the First Step Act, (doc. 93), without prejudice.

As noted above, the Magistrate Judge provided Spaulding thirty days to respond to the Government's Motion to Dismiss her Section 2255 Motion. While Spaulding subsequently filed a "Reply," (doc. 98), that document only addressed her First Step Act arguments and was nonresponsive to the Government's Motion to Dismiss, (doc. 87). While the Court has provided Spaulding ample time to address the Government's arguments, in an abundance of caution, the Court will provide her another opportunity. Within **thirty days** of the date of this Order, Spaulding shall file her supplemental response to the Government's Motion to Dismiss her Section 2255 Motion, (doc. 87).[2] The Court cautions Spaulding that if she fails to respond to the Government's Motion, it will presume that she does not oppose the Government's arguments raised therein.

**SO ORDERED**, this 25th day of February, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] To ensure that Spaulding has a copy of the Motion, the Court **directs** the Clerk of Court to mail Spaulding a copy of the Government's Motion to Dismiss, (doc. 87), along with a copy of this Order.